## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, <br> 10 S. Howard Street, 3rd Floor <br> Baltimore, MD 21201, <br><br> Plaintiff, <br><br> v. <br><br> OHM Concessions Group, LLC <br> d/b/a Dunkin Donuts <br> Baltimore-Washington International Airport <br> Terminal Road <br> Baltimore, MD 21240, <br><br> Defendant. | Civil Action No. <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Joan O'Donnell, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant OHM Concessions Group, LLC, d/b/a Dunkin Donuts ("Defendant" or "OHM") unlawfully discriminated against O'Donnell by discharging her and denying her a reasonable accommodation based on her disability, Stage II/III invasive ductal carcinoma (breast cancer).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant OHM has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees operating as a Dunkin Donuts franchisee at the Baltimore-Washington airport.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, O'Donnell filed a charge with the Commission alleging violations of Title I of the ADA by OHM. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  At all relevant times, O'Donnell was qualified as defined by the statute, and meeting Defendant's legitimate job expectations. O'Donnell began working for Defendant in March 2012 as a Regional Manager. O'Donnell successfully performed the essential functions of this position until she was discharged on or around July 6, 2012, just days before her medical leave for a bilateral mastectomy with immediate reconstruction was to begin on July 9, 2012.

  a.  O'Donnell was diagnosed with breast cancer on or around May 24, 2012. Her breast cancer required a bilateral mastectomy with immediate reconstruction, and treatment of chemotherapy and radiation. Shortly thereafter, O'Donnell informed her supervisor, Joe Huber, of her need for four to eight weeks of medical leave for her surgery. On May 31, 2012, O'Donnell informed OHM's owner, Milan Patel, of her diagnosis and need for surgery via e-mail.

  b.  From May 24, 2012 through approximately March 2013, when O'Donnell finished chemotherapy and radiation, she was substantially limited in the major bodily function of normal cell growth.

9.  Defendant engaged in unlawful employment practices in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) in July 2012 when it abruptly discharged O'Donnell approximately three days before she was going to take four to eight weeks of medical leave for cancer treatment, because of her disability.

10. Defendant further engaged in unlawful employment practices beginning in or around July 2012 in violation of Section 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A) by failing to provide a reasonable accommodation of leave to obtain medical treatment to O'Donnell.

11. The effect of the practices complained of above in Paragraphs 8-10 has been to deprive O'Donnell, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of O'Donnell.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C. Order Defendant to make whole O'Donnell by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D. Order Defendant to make O'Donnell whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above.

E. Order Defendant to make O'Donnell whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F. Order Defendant to pay O'Donnell punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

G. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

*/s/ M. Salacuse*

MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)
Maria.Salacuse@eeoc.gov